UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,

vs.

JAE MIAMI DADE, LLC
d/b/a Wendy's location 697 NW 37th Avenue,
and WENDY'S PROPERTIES, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant JAE Miami Dade, LLC doing business as Wendy's restaurant location 697 NW 37th Avenue and Defendant Wendy's Properties, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant JAE Miami Dade, LLC (also referenced as "Defendant Wendy's," "tenant," "operator," lessee" or "co-Defendant") is a Florida limited liability company doing business as a franchise operator of Wendy's fast food restaurants. Defendant Wendy's is authorized to conduct, and is conducting, business within the State of Florida.

6. Defendant Wendy's Properties, LLC (also referenced as "Defendant Landlord," "Lessor," "Owner," or "co-Defendant") is the owner of Folio 01-4104-023-0010, which is a commercial real property located at 697 NW 37th Avenue, Miami Florida 33125 (referenced throughout as "697 NW 37 Avenue"), which is built out as a stand-alone fast food restaurant.

## FACTS

7. At all times material hereto, the commercial space encompassing the commercial real property located at Defendant Landlord's 697 NW 37th Avenue location has been leased to co-Defendant Wendy's (the lessee). The lessee in turn has operated its franchised "Wendy's" fast food restaurant within that leased space.

8. Wendy's restaurants serve American style hamburgers, salads, shakes, drinks and deserts and are open to the general public and therefore each restaurant is a place of public

accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink." The Wendy's restaurant which is the subject to this action is also referred to as "697 NW 37th Avenue Wendy's," "fast food restaurant," "restaurant" or "place of public accommodation."

9. At all times material hereto, Defendant Wendy's was (and is) a company owning and operating fast food restaurants under the Wendy's franchise (and brand) which are open to the public. Each of the Defendant's Wendy's franchised fast food restaurants (including the restaurant located at 697 NW 37th Avenue) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

10. As the operator of restaurants which are open to the public, Defendant Wendy's is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104(2).

11. As the owner of commercial real property which is operated as a restaurant open to the public, Defendant Landlord is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104(2).

12. Due to the close proximity of the 697 NW 37th Avenue Wendy's restaurant to the supermarket and jewelry shop which Plaintiff regularly patronizes, on January 23, 2021 Plaintiff went to the restaurant with the intent of purchasing a meal and dining in the eating area located therein.

13. Plaintiff had difficulty exiting his car and entering the restaurant because the parking lot contained cracks in the asphalt making the surface uneven and difficult to traverse as he made his way to the restaurant entrance.

14. On attempting to enter the restaurant, the entrance door was very heavy and was extremely difficult for Plaintiff to open as he was confined to his wheelchair. When Plaintiff entered the restaurant, the hand sanitizer available for patrons was out of reach due to its excessive height.

15. When Plaintiff purchased his meal he unhappily noted that the restaurant did not have a specified area reserved for patrons who use wheelchairs.

16. Plaintiff left the 697 NW 37th Avenue Wendy's feeling excluded, humiliated and dejected.

17. Plaintiff has been denied full and equal access to, and full and equal enjoyment of the 697 NW 37th Avenue Wendy's restaurant.

18. On information and belief, Defendant Wendy's is well aware of the need to provide equal access to individuals with disabilities as it owns many Wendy's franchise restaurants and its failure to reasonably accommodate individuals with disabilities at its 697 NW 37th Avenue Wendy's restaurant is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

19. On information and belief, as an investor in commercial property and as a subsidiary owned by The Wendy's Company, which is also the holding company for Wendy's International (the franchisor of Wendy's fast food restaurants), Defendant Landlord is aware of the ADA and the need to provide for equal access within its 697 NW 37th Avenue commercial property (which includes the parking lot). Therefore, Defendant Landlord's failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302(c).

20. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator/lessee of that restaurant (Defendant Wendy's) and by the owner/lessor of the commercial property which houses the restaurant (Defendant Landlord).

21. As a result of the Defendants' joint and several discrimination, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

22. Plaintiff is and has been a customer of Wendy's restaurants. Plaintiff often dines at Wendy's fast food restaurants and continues to desire to return to Defendant Wendy's 697 NW 37th Avenue Wendy's restaurant to purchase food and eat in the dining area, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

23. Any and all requisite notice has been provided.

24. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

25. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

26. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

27. Prior to the filing of this lawsuit, Plaintiff personally visited the 697 NW 37th Avenue Wendy's restaurant in order to purchase a meal and dine therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met architectural barriers when entering the restaurant and when attempting to sit at the indoor dining area to enjoy his meal. Therefore, Plaintiff has suffered an injury in fact.

28. Defendant Wendy's (lessee/operator of Wendy's) and Defendant Landlord (owner/lessor) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the 697 NW 37th Avenue Wendy's restaurant, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

29. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the 697 NW 37th Avenue Wendy's restaurant.

30. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

31. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

32. The commercial space which is owned by Defendant Landlord (owner/lessor) houses the 697 NW 37th Avenue Wendy's restaurant which is operated by Defendant Wendy's (tenant/lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

   i. As to Defendant Wendy's (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

   ii. As to Defendant Wendy's (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), the fact that the asphalt in the parking lot is severely cracked has created an uneven ground surface, which is in violation of 28 C.F.R. Part 36, Section 4.5.1 and 2010 ADA Standards for Accessible Design.

   iii. As to Defendant Wendy's (lessee/operator) and Defendant Landlord (owner/lessor of the property) (jointly and severally), failure to provide a front entrance door

which is accessible pursuant to the 2010 ADA Standards for Accessible Design. In this instant case, the entrance door is too heavy, making it difficult to open for individuals attempting to enter or leave in a wheelchair, which is in violation of 28 C.F.R. Part 36, Section 4.13.11. The door represents an insurmountable barrier to independent entry to the restaurant by the Plaintiff who perambulates with a wheelchair.

    iv.  As to Defendant Wendy's (lessee/operator), failure to provide a hand sanitizer for the general public at an accessible height, in violation of the reach ranges delineated within Section 308.2.1, 2010 ADA Standards for Accessible Design which states that where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or ground.

    v.  As to Defendant Wendy's (lessee/operator), failure to provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, Section 5.4 and 2020 ADA Standards for Accessible Design Sections 902 and 903, which require that all dining areas be accessible in clear floor/ground space, size and height.

33. More access barrier violations may be present, which will be determined and proven through the discovery process.

34. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the 697 NW 37th Avenue Wendy's restaurant commercial space accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

35. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the restaurant

therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the property lessor Defendant Wendy's Properties, LLC (owner of the commercial property) and the lessee (operator of the 697 NW 37th Avenue Wendy's restaurant) Defendant JAE Miami Dade, LLC and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Wendy's fast food restaurant such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys' fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 9th day of February 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*